ROBERTS, Chief Justice
(dissenting).
I cannot agree that the relator, appellant here, admitted the truth of the facts alleged in the return of the respondents, appellees' here, for any purpose other than to test the legal sufficiency of the Respondents’ return.
The relator sought to compel - the Respondents to reinstate his license, which had been revoked by them without a hearing, or to show cause for'their failure to do so. The- alternative writ issued as prayed. Thereupon, the respondents filed their return, -in which they alleged that “the Relator obtained that certain .Master Plumber’s Certificate in question, through fraud and deceit, and that the relator has never taken and satisfactorily and successfully passed the examination given by the Board’ of Examiners of Plumbers * *-.-*■ therefore said Relator -was not entitled- to be issued' a Master Plumber’s Certificate of Competency in and.-for- the City of Coral, Gables, Florida.” . .
The relator’s Motion for Peremptory Writ Notwithstanding the Return posed to the -lower court the purely legal question of whether the relator was entitled to a hearing before his license was revoked, even if it be assumed that the,grounds alleged as a basis for the revocation in respondents’ return were true. As in a demurrer, the truth of these allegations is assumed solely for the - purpose of the argument on the question of the legal sufficiency of the pleading demurred to, and for no other purpose. The relator has admitted them to -be true as a matter of pleading, but he has not admitted them to be true as a matter of fact. Compare State ex rel. Hawkins v. Board of Control, Fla., 60 So.2d 162.
I therefore dissent from the opinion of Mr. Justice Sebring that the relator has admitted the truth of the facts alleged in the respondent’s return as a matter of fact, and would proceed to a determination of the question here presented, to wit, whether the lower court erred in holding, that as a matter -of law, the relator was not entitled to a hearing when the grounds for revocation of his license are those alleged in the respondent’s return, quoted supra.